The Honorable Bob Mathis State Representative 106 Leigh Circle Hot Springs, AR 71901-7760
Dear Representative Mathis:
I am writing in response to your request for an opinion on the following questions concerning qualifications for bidders and suppliers on capital improvement projects:
 1. Does Arkansas Code 19-45-1405 [sic][1]
prohibit the State from requiring NICET [National Institute for Certification in Engineering Technologies] certification of any level on plans or in specifications for those who install fire sprinkler and fire alarm systems?
 2. Does Arkansas Code 22-9-203 prohibit a state agency, county municipality from requiring NICET certification of any level for those who install fire alarm and fire sprinkler systems?
RESPONSE
It is my opinion that the answer to both questions is "no."
Some initial discussion of these Code sections is necessary. Both were amended by Act 859 of 2005 to prohibit the State and local taxing units from placing certain requirements on bidders and suppliers in plans and specifications for public construction projects. Section 19-4-1405, concerning bidding procedures under the state accounting and budgetary procedures law, was amended to add a subsection that provides in pertinent part:
 (f)(1) State agencies shall not require in plans or specifications that a bidder or supplier:
 (A) Hold membership in any professional or industry associations, societies, trade groups, or similar organizations;
 (B) Possess certification from any professional or industry associations, societies, trade groups, or similar organizations as steel building fabricators; or
 (C) Be endorsed by any professional or industry associations, societies, trade groups, or similar organizations.
A.C.A. § 19-4-1405(f) (1) (Supp. 2005) (emphasis added).
Section 22-9-203, concerning award procedures under public improvements generally, was amended to impose the same proscription as follows:
(k)(1) The state, an agency of the state, a county, amunicipality, a school district, or other local taxing unit shallnot require in plans or specifications that a bidder orsupplier:
 (A) Hold membership in any professional or industry associations, societies, trade groups, or similar organizations;
 (B) Possess certification from any professional or industry associations, societies, trade groups, or similar organizations as steel building fabricators; or
 (C) Be endorsed by any professional or industry associations, societies, trade groups, or similar organizations.
A.C.A. § 22-9-203(k) (1) (Supp. 2005) (emphasis added).
Because your questions pertain specifically to NICET certification,[2] the relevant prohibition under both statutes appears to be the one emphasized above pertaining to "certification from any professional or industry associations, societies, trade groups, or similar organizations as steel building fabricators[.]" The first rule in determining the meaning and effect of this language is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Mississippi River Transmission Corp.v. Weiss, 347 Ark. 543, 550, 65 S.W.3d 867 (2002). Unless a different legislative intent is indicated, a court must not resort to a subtle or strained construction for the purpose of restricting or expanding the meaning of a statute. Thompson v.Younts, 282 Ark. 524, 669 S.W.2d 471 (1988).
Following these established guidelines for determining legislative intent, I conclude that the prohibition in question is unambiguous in its focus upon certification from NICET as "steel building fabricators." Although the legislation as originally proposed was not so limited (see original HB 2012 of the 85th General Assembly), a subsequent amendment produced the language set out above.[3] I have no information concerning this certification. The term "steel building fabricator" is undefined in the statutes; and as an executive branch official, I am of course unable to supply a definition of a term that the legislature has not defined. For purposes of your questions, I will simply note that whatever is contemplated, it is not clear from the face of the statutes that certification as "steel building fabricators" necessarily encompasses those who install fire sprinkler and fire alarm systems. Accordingly, it is my opinion in response to your questions that A.C.A. §§ 19-4-1405
and 22-9-103 in all likelihood have no implication for what can or cannot be required for those who install fire sprinkler and fire alarm systems.
This explains my negative response to the specific questions you have posed, which focus solely on the prohibition under A.C.A. §§19-4-1405 and 22-9-203. I should note, additionally, that I have expanded my review to determine whether, notwithstanding the inapplicability of these Code sections, some other proscription might apply to prevent the State or local taxing units from requiring NICET certification of any level for those who install fire alarm and fire sprinkler systems. This review has yielded no such prohibition. In fact, the general rule is that while the bidding process is open to all bidders, public entities have considerable discretion in identifying the factors they will consider in evaluating the acceptability of bids. See Op. Att'y Gen. 2000-255 (discussing the law surrounding the award of public contracts and concluding that municipalities have relatively wide discretion in evaluating bids, and in choosing the individuals and firms with whom they choose to contract.)
I also find it significant that the state licensing laws and regulations for these enterprises recognize NICET certification as a means of meeting the necessary qualifications for licensure.See A.C.A. § 17-40-318 (Repl. 2001) (regarding NICET certification of installers of alarm systems under the Private Investigators and Private Security Agencies Act (A.C.A. §17-40-101 et seq.)) and ARKANSAS FIRE PROTECTION LICENSING BOARD RULES REGULATIONS (effective Sept. 1, 2004) (available at www.arfireprotection.org), at Section 4 (4)(c)(ii)(1) (approving as evidence of one's technical qualifications his or her completion of NICET "examination requirements for certification at Level III for fire protection automatic sprinkler system layout.") In my opinion, the licensing laws suggest the reasonableness of requiring NICET certification for installers of these systems. I recognize in this regard that NICET certification is not a mandate for all such licensees. Id. But as indicated above, the general law in this area suggests that the State and its local taxing units have ample authority to go beyond the minimum criteria of the licensing provisions in determining the factors they will consider in evaluating bids and awarding public contracts.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The correct citation is A.C.A. § 19-4-1405.
[2] According to its website, NICET is a non-profit division of the National Society of Professional Engineers. Among other functions and services, it grants certification to individuals who have met the Institute's standards as established by a committee of experts in the particular practice area. http://www.nicet.org.
[3] The original bill stated that bidders or supplies shall not be required to "[p]ossess certification from any professional or industry associations, societies, trade groups, or similar organizations, including but not limited to, certification as steel building fabricators[.]" HB 2012 prior to Amendment 1 (emphasis added).